

J. STEPHEN STREET          1573-0
134 Maono Place
Honolulu, Hawaii 96821
Telephone No.:    (808) 754-1647
Facsimile No.:    (888) 334-6499
E-mail:    jsstreet@ip-law-hawaii.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 01 2011

at 4 o'clock and 20 min. P M.
SUE BEITIA, CLERK

Attorney for Plaintiffs
HAWAIIAN ART NETWORK, LLC and VINCENT K. TYLOR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CV 11 00722 JMS KSC

| | |
|---|---|
| HAWAIIAN ART NETWORK, LLC and VINCENT K. TYLOR, <br><br> Plaintiffs, <br><br> vs. <br><br> ALOHA PLASTIC SURGERY, LLC; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10, <br><br> Defendants. | CIVIL NO. _____ (Copyright Infringement; Removal or Alteration of Copyright Management Information) <br><br> COMPLAINT FOR COPYRIGHT INFRINGEMENT AND REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION; EXHIBITS "A"-"C"; SUMMONS |

ORIGINAL

## COMPLAINT FOR COPYRIGHT INFRINGEMENTS AND REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION

COMES NOW, Plaintiffs HAWAIIAN ART NETWORK, LLC, and VINCENT K. TYLOR, by their attorney, J. Stephen Street, AAL, and for their complaint allege as follows:

### PARTIES

1.     Plaintiff HAWAIIAN ART NETWORK, LLC ("HAN LLC ") is a Hawaii limited liability company with its principal place of business at 1888 Kalakaua Blvd., Suite C312, Honolulu, Hawai'i 96815.

2.     Plaintiff VINCENT K. TYLOR ("Tylor") is a resident of the State of Hawaii.

3.     Upon information and belief, Defendant ALOHA PLASTIC SURGERY, LLC ("Aloha Plastic Surgery"), is a Hawaii Corporation, doing business in the State of Hawaii.

4.     JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, said Defendants' true names and identities are presently unknown to Plaintiffs, except, upon information and belief, that they are connected in some manner with the named Defendant and/or were the agents, servants, employees,

employers, representatives, co-venturers, associates, successors or assignees of the

named Defendant who may be under a duty, contractually or otherwise, to pay

Plaintiffs compensation for loss incurred by the actions or omissions of the named

Defendant and/or were in some manner related to the named Defendant and that their

"true names, identities, capacity, activities and/or responsibilities" are presently

unknown to Plaintiffs or their attorneys.  To ascertain the full names and identities of

JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE

PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiffs' counsel has

investigated the facts alleged herein through inter alia, interview of Plaintiffs and

inspection of the records in this matter.  When the true names and capacities are

ascertained, through appropriate discovery, Plaintiffs shall move to amend this action

to state the true names.

## JURISDICTION AND VENUE

5.     This is an action for preliminary and permanent injunctive relief

and damages arising from Defendant Aloha Plastic Surgery's (hereinafter

"Defendant") copyright infringement(s) in violation of the United States Copyright

Act, 17 U.S.C. §§ 101-et seq. and for violation of the Digital Millennium Copyright

Act, 17 U.S.C. § 1202.

6.     This Court has jurisdiction over the subject matter of this action

under 28 U.S.C. §§ 1331 and 1338(a).

7.     Venue is proper in this district under 28 U.S.C. § 1400(a) and 28 U.S.C. §§ 1391(b) and 1391(c).

## FACTUAL ALLEGATIONS

8.     The photographic works, image nos.:  O-01 Waikiki–Pink Boat ORIG., and A-11 Hawaiian Sunset, at issue in this case were created by photographer Vincent K. Tylor, who is represented by Hawaiian Art Network, LLC, which now owns the copyrights to the works by written assignment.  The copyrights for the photographic works at issue were registered with the United States Copyright Office as VA 1-759-562 and VA 1-696-555 in the name of Vincent K. Tylor.  Plaintiffs have exclusive rights and privileges in the photographic works under the United States Copyright Act.  True and correct copies of the Certificates of Registration are attached hereto as Exhibit "A."

9.     The said photographic works were not "work for hire."

10.     Vincent K. Tylor incurred substantial time and expense in creating the photographic works.

11.     In August 2011, Plaintiffs learned that Defendant used said photographic work O-01 Waikiki–Pink Boat ORIG.,  on its website, www.hair-transplant-hawaii.com, a total of twenty-seven times as follows:

**"O-01 Waikiki–Pink Boat ORIG."**   used 27 times at:
**Page URLs:**
http://www.hair-transplant-hawaii.com/
http://www.hair-transplant-hawaii.com/hair-transplant/index.php

http://www.hair-transplant-hawaii.com/hair-transplant/who-needs-hair-transplant.php
http://www.hair-transplant-hawaii.com/hair-transplant/transplanting-hair.php
http://www.hair-transplant-hawaii.com/hair-transplant/hair-transplant-surgery.php
http://www.hair-transplant-hawaii.com/hair-transplant/hair-transplant-costs.php
http://www.hair-transplant-hawaii.com/hair-transplant/female-hair-transplant.php
http://www.hair-transplant-hawaii.com/hair-transplant/art-of-restoring-hair.php
http://www.hair-transplant-hawaii.com/hair-transplant/history-of-hair-transplants.php
http://www.hair-transplant-hawaii.com/risks-recovery/index.php
http://www.hair-transplant-hawaii.com/risks-recovery/hair-transplant-risks.php
http://www.hair-transplant-hawaii.com/risks-recovery/hair-transplant-scar.php
http://www.hair-transplant-hawaii.com/risks-recovery/hair-transplant-recovery.php
http://www.hair-transplant-hawaii.com/risks-recovery/hair-transplant-side-effects.php
http://www.hair-transplant-hawaii.com/risks-recovery/post-operative-care.php
http://www.hair-transplant-hawaii.com/hair-loss/index.php
http://www.hair-transplant-hawaii.com/hair-loss/hair-loss-drugs.php
http://www.hair-transplant-hawaii.com/hair-loss/use-of-medication.php
http://www.hair-transplant-hawaii.com/hair-loss/hair-loss-treatments.php
http://www.hair-transplant-hawaii.com/hair-loss/hair-loss-surgeon.php
http://www.hair-transplant-hawaii.com/baldness/index.php
http://www.hair-transplant-hawaii.com/baldness/baldness-surgeon.php
http://www.hair-transplant-hawaii.com/baldness/baldness-therapy.php
http://www.hair-transplant-hawaii.com/about-doc/index.php
http://www.hair-transplant-hawaii.com/about-doc/hair-transplant-doctors.php
http://www.hair-transplant-hawaii.com/about-doc/your-hair-transplant-surgeon.php
http://www.hair-transplant-hawaii.com/contact-us/privacy_notice.php
**Image URL:**
http://www.hair-transplant-hawaii.com/images/contactdr.jpg

12.     Subsequently, Plaintiffs learned about additional infringements of

Plaintiffs' photographic works on Defendant's websites, www.plastic-surgery-

hawaii.com, and  www.hawaiibiyouseikei.com, as follows:

**"O-01 Waikiki–Pink Boat ORIG."**  used at:
**Page URL:**
http://www.plastic-surgery-hawaii.com/page/2/
**Image URL:**
http://www.plastic-surgery-hawaii.com/wp-content/uploads/2010/06/waikiki_oahu_hawaii-1024x768.jpg    (Full Screen Hi Res Click-On Image)

**"A-11 Hawaiian Sunset."**   used at:
**Page URL:**
http://www.hawaiibiyouseikei.com
**Image URLs:**
http://www.hawaiibiyouseikei.com/wp-content/uploads/2010/11/58-300x225.jpg
http://www.hawaiibiyouseikei.com/wp-content/uploads/2010/11/58.jpg
(Full Screen Hi Res Click-On Image)

12.     Said Images were used without obtaining license or consent from Plaintiffs and

thus violating Plaintiffs' exclusive right to reproduce, adapt, display, distribute,

and/or create derivative works under 17 U.S.C. § 100 et al.  True and correct copies

of the photographic works registered by Plaintiff Tylor and used without permission

on Defendant's websites are attached hereto as Exhibit "B".  True and correct copies

of screenshots of Defendant's infringing uses of the photographic works at its

websites are attached as Exhibit "C".

13.     Upon information and belief, Defendant has used Plaintiffs'

copyrighted photographic works in its websites at least since November, 2010.

14.     Plaintiffs' copyrighted photographic works, where they are

legitimately available, bear Plaintiff's copyright management information.

15.     Upon information and belief, Defendant intentionally removed or

altered copyright management information from the photographic works at issue for

each of its uses of those photographic works without the authority of Plaintiffs or the

law because the pages on Defendant's websites contain multiple copies of the

photographic works in question, without the original copyright management

5

information included.  Additionally, Defendant placed false copyright management information on the image No. O-01 Pink Boat ROG. Image.

16.   Starting on or about August 31, 2010, Plaintiffs attempted to resolve with Defendant the continued use of the photographic work, O-01 Waikiki– Pink Boat ORIG., in violation of Plaintiffs' copyright, requesting that Defendant pay a fee to obtain a release for the infringing past use of the photographic works used on Defendant's websites and that Defendant cease and desist from using any of Plaintiffs' copyrighted works.

17.   On September 13, 2011, Plaintiffs' Attorney was contacted by Defendant's representative, who rejected Plaintiffs' attempt to resolve the matter without litigation.  Follow-up was made through several emails, however Plaintiffs have been unable to resolve the matter with Defendant.

18.   Plaintiffs are informed and believe, and on the basis of such belief allege that Defendant knew that it was violating the copyrights of Plaintiffs in said photographic works by placing and using, or authorizing the placement and use of, the photographic works on said websites without making any effort to seek licensing.

19.   Upon information and belief, Defendant does business in the State of Hawaii through advertising on at least sixteen (16) websites that promote its professional medical services.

### FIRST CAUSE OF ACTION:
### COPYRIGHT INFRINGEMENTS

20.    Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-19 as if fully stated herein.

21.    Plaintiffs have held all rights, title and interest in the copyrights to the photographic works at issue during the entire period of Defendant's use, the use of which has not been licensed to Defendant.

22.    Defendant has misappropriated Plaintiffs' copyrighted photographic works and engaged in unauthorized use and copying of Plaintiffs' photographic works by using Plaintiffs' photographic works on its websites for its own commercial purposes.  Defendant's acts constitute copyright infringements under the United States Copyright Act, 17 U.S.C. §§ 101-et.seq.

23.    Defendant may continue, unless restrained, to use Plaintiffs' copyrighted photographic works, causing irreparable damage to Plaintiffs for which Plaintiffs have no adequate remedy of law.

24.    Defendant's unlawful use of copies of Plaintiffs' original photographic works has diminished the value of the original photographic works by diluting the market and destroying the distinctiveness of the photographic works and their identity as being the exclusive property of Plaintiffs.

25.    Defendant's unlawful acts have been and are interfering with and undermining Plaintiffs' ability to market Plaintiffs' own original photographic works,

thereby impairing the value and prejudicing the sale by Plaintiffs of their own photographic works.

26. Plaintiffs are entitled to a temporary and permanent injunction restraining Defendant from engaging in further acts of copyright infringement.

27. Defendant, by its unauthorized appropriation and use of Plaintiffs' original photographic works, has been and is engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiffs' goodwill and the public acceptance of Plaintiffs' original photographic works.

28. Because Defendant used Plaintiffs' copyrighted photographic works without license, infringing the exclusive rights of Plaintiffs as the copyright owner, Plaintiffs are entitled to have the infringing publications and any improperly acquired likenesses or photographic works, however stored or recorded, impounded while this action is pending.

29. As a direct and proximate result of Defendant's wrongful acts, Plaintiffs have suffered and continue to suffer lost profits and damages.

30. Plaintiffs are entitled to recover from Defendant the damages it has sustained as a result of these wrongful acts. Plaintiffs are presently unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendant's acts of copyright infringement.

31.   Plaintiffs are further entitled to recover from Defendant any gains, profits, or advantages Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Defendant has realized by its acts of copyright infringement.

32.   Plaintiffs are entitled to elect to recover from Defendant statutory damages for each of its past and/or continuing willful violations of Plaintiffs' copyrights.

33.   Plaintiffs are further entitled to costs and reasonable attorneys' fees.

### SECOND CAUSE OF ACTION:
### REMOVAL OR ALTERATION OF
### COPYRIGHT MANAGEMENT INFORMATION

34.   Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-33 as if fully stated herein.

35.   Upon information and belief, Defendant has intentionally removed copyright identification information from photographic works used on Defendant's websites without the authority of the copyright owner or the law and knowing, or having reasonable grounds to know, that the removal would induce, enable, facilitate, or conceal infringements of copyright.  Additionaly, Defendant has placed false copyright management information on Image No. O-01 Pink Boat ORIG.

36.   Defendant's acts constitute a violation under the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

37.    Plaintiffs are entitled to a temporary and permanent injunction to prevent Defendant from engaging in further violations of 17 U.S.C. § 1202.

38.    Plaintiffs are entitled to recover from Defendant the actual damages suffered by Plaintiffs and any profits Defendant has obtained as a result of their wrongful acts that are not taken into account in computing the actual damages. Plaintiffs are presently unable to ascertain the full extent of the profits Defendant has realized by its violations of 17 U.S.C. § 1202.

39.    Plaintiffs are entitled to elect to recover from Defendant statutory damages for each of its past and/or continuing violations of 17 U.S.C. § 1202.

40.    Plaintiffs are further entitled to costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs HAWAIIAN ART NETWORK, LLC and VINCENT K. TYLOR pray:

A.    That this Honorable Court enter an injunction temporarily and permanently enjoining and restraining Defendant and Defendant's directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants from infringing Plaintiffs' copyrighted photographic works and from violating 17 U.S.C. § 1202;

B.     That this Honorable Court order any infringing photographs, prints, separations, publications, copies, products, materials, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

C.     That this Honorable Court order any device or product involved in a violation of 17 U.S.C. § 1202 impounded and/or destroyed or disposed of in other reasonable fashion;

D.     That Defendant be required to pay such damages as Plaintiffs have sustained and any profits Defendant has gained in consequence of Defendant's unlawful acts or, in the alternative, to pay statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c);

E.     That Defendant be required to pay costs and reasonable attorneys' fees to Plaintiffs pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b);

F.     That Plaintiffs be granted such other and further relief as this Honorable Court may deem just and proper.

DATED:  Honolulu, Hawaii, _____ *12 - 1* _____, 2011.


_____
J. STEPHEN STREET, AAL
Attorney for Plaintiffs
HAWAIIAN ART NETWORK, LLC
and VINCENT K. TYLOR

11