IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN ART NETWORK, LLC ) <br> and VINCENT K. TYLOR, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ALOHA PLASTIC SURGERY, ) <br> LLC; JOHN DOES 1-10; JANE ) <br> DOES 1-10; DOE CORPORATIONS ) <br> 1-10; DOE PARTNERSHIPS 1-10; ) <br> and DOE ASSOCIATIONS 1-10, ) <br> ) <br> Defendants. ) <br> _____) | CV 11 00722 JMS KSC <br> (Copyright Infringement; Removal or Alteration of Copyright Management Information) <br><br> MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

I.  STATEMENT OF THE CASE

Defendant **ALOHA PLASTIC SURGERY, LLC** ("Defendant") has good cause to set aside the entry of default entered December 30, 2011. A Complaint was filed against Defendant on December 1, 2011 and was served on December 3, 2011. Defendant diligently tried to find counsel to represent the company in this matter. Defendant met with several attorneys, however, the attorneys declined to represent the company.

Defendant, ignorant of the law and its legal obligations, mistakenly believed it had until February 27, 2012, to respond and answer the Complaint according to the face sheet that was attached to the Complaint. However, Defendant later learned after default was entered against the company that the February 27, 2012

date was not the deadline to file an answer to the complaint but was the date scheduled for a Rule 16 Scheduling Conference hearing.

When Defendant learned that default was entered against it, Defendant immediately filed a Request to Court to Set Aside Default on January 6, 2012. On January 9, 2012, Plaintiffs filed a Motion to Strike Defendant's Request stating that Defendant's Request was improper because pursuant to Local Rule 83.1 of the *Rules of the United States District Court for the District of Hawaii*, business entities "cannot appear before this Court pro se and must be represented by an attorney," which the Court granted.

Based on the court's ruling, Defendant continued diligently to find representation. Defendant did not intentionally fail to answer the Complaint nor did Defendant intend to take advantage of opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.

Setting aside the default will not be prejudicial to Plaintiffs because this case is still in the early stages of litigation, Defendant has a meritorious defense, and not filing an answer was not the result of a wilful act. Thus, Defendant has good cause under the circumstances to warrant a set aside.

II. STANDARD OF REVIEW

*Federal Rules of Civil Procedure* Rule 55 (c), which grants the court the discretion to set aside a default for good cause, states as follows:

> (c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

>> The district court did not err in setting aside the defaults of the defendants Abreu and Forman. "Absent an abuse of discretion, there is no error in

> setting aside a default where the judge finds good cause to do so." Curry v. Jensen, 523 F.2d 387, 388 (9th Cir. 1975). **The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment.** See Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). A decision on a motion to set aside a default is not an abuse of discretion unless the court is "clearly wrong" in its determination of good cause. Provident Security Life Insurance Co. v. Gorsuch, 323 F.2d 839, 842 (9th Cir. 1963). "'Where timely relief is sought from a default . . . and the movant has a meritorious defense, **doubt, if any, should be resolved in favor of the motion to set aside the [default]** so that cases may be decided on their merits.'" Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974) (*quoting* 7 J. Moore, Moore's *Federal Practice* para. 60.19 at 232-33).

Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945-46 (9th Cir. 1986).

III. ARGUMENT

The Federal Rules provide that a "court may set aside an entry of default for good cause. . . ." Fed. R. Civ. Pro. 55(c). To determine "good cause", a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. See Franchise Holding II v. Huntington Rests. Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004). "[W]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context." Cracco v. Vitran

...

Exp., Inc., 559 F.3d 625, 631 (7th Cir. 2009) (quotations and citations omitted). As is the case here, in a Rule 55 context, there is no interest in the finality of the judgment with which to contend. *See* Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).

    A.    Defendant Did Not Engage in Culpable Conduct.

Defendant did not intentionally fail to answer the Complaint. "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001) (quoting Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988)); *see also* Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987) (defendant "intentionally declined" service). The term "intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." TCI Group, 244 F.3d at 697. "A defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." Id. at 698. "Simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default. Pioneer Investment Services Co. v. Brunswick Associates Ltd, 507 U.S. 380, 388, 394-95, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); *see also* TCI Group, 244 F.3d at 696-97; Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009).

Defendant mistakenly believed it had until February 27, 2012, to respond and answer the Complaint according to the face sheet that was attached to the Complaint. Defendant, however, later learned after default was entered against the company that the February 27, 2012 date was not the deadline to file an answer to the complaint but was the date scheduled for a Rule 16 Scheduling Conference hearing. Defendant's failure to act is insufficient to establish culpability; to the contrary, the facts demonstrate that Defendant was ignorant of the law and misunderstood his legal obligations which is not unusual in the case of a layman acting without the help of a lawyer.

Moreover, nothing in Defendant's conduct suggests the bad faith necessary to find that he intentionally failed to answer the complaint. To the contrary, when Defendant learned that default was entered against it, Defendant immediately filed a Request to Court to Set Aside Default on January 6, 2012. Defendant attempted to rectify the mistake. Defendant did not intentionally fail to answer the Complaint nor did Defendant intend to take advantage of opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process. Defendant's failure to respond allowed it neither to "take advantage" of the Plaintiffs nor to "manipulate the legal process."

Based on the foregoing, Defendant did not engage in culpable conduct nor did it act in bad faith when it failed to answer the complaint.

    B.    Defendant has a Meritorious Defense and is Prepared to Defend Against the Allegations and Claims Set forth in Plaintiff's Complaint.

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a

default judgment is not extraordinarily heavy." See TCI Group, 244 F.3d at 700 (citations omitted). All that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense: "the question whether the factual allegation [i]s true" is not to be determined by the court when it decides the motion to set aside the default. Id. Rather, that question "would be the subject of the later litigation." Id.

Defendant has meritorious defenses against Plaintiffs and intends to assert, among other defenses, the defense of entrapment, enticement, honeypotting, lack of copyright registration or fatally defective copyright registration, fraud, estoppel, illegality, consent, waiver, release, abandonment, acquiescence, recession, abrogation, accord and satisfaction, license, implied license, set-off or off-set, unconscionability, mistake, estoppel, copyright misuse, unclean hands, that Plaintiffs abandoned any copyright inhering in the subject photographs and/or that the subject photographs are in the public domain, fair use and/or de minimus infringement, innocent intent, that such injuries or damages were proximately caused by acts or omissions of Plaintiffs and/or its affiliates or others outside the control of Defendants, and not be the acts or omissions of Defendants, lack of standing, laches, and failure to mitigate.

For instance, the website, which was created and posted by a student intern without Defendant's approval, control or knowledge, was up for only 3 - 4 months and received no traffic. *Dec. of Michael A. Pasquale dated March 27, 2012 at ¶12 ("Pasquale Dec.")*. No profits or gains were made from the website. *Pasquale Dec. at ¶12*. Upon information and belief, the student intern downloaded the photographs from a website offering free images for download (250 Amazing Beaches Wallpapers - http://www.acegames.us/forum/free-pc-wallpapers/48825-250-amazing-beaches-wallpapers-1600-x-1200-a.html). *Pasquale Dec. at ¶13*.

Furthermore, Defendant did not intentionally remove or alter any copyright management information from the photograph. *Pasquale Dec. at ¶14*. The photograph, which was downloaded from the website offering free images, did not contain such information nor did Defendant place false copyright management information on any image. *Pasquale Dec. at ¶14*. Plaintiffs will not be able to prove that Defendant intentionally removed or altered any copyright management information from the images as required under 17 U.S.C. §1202 entitling Defendant to an award of reasonable attorney's fees and costs.

Thus, Defendant is prepared to vigorously defend against the allegations and claims set forth in the Complaint.

C.     Setting Aside Defendant's Default Will Not Prejudice Plaintiffs.

In determining the factor of prejudice, the relevant question is "'whether the plaintiff's ability to pursue his claim will be hindered.'" TCI Group Life Ins. Plan, 244 F.3d at 701 (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). The harm to a plaintiff must be more than "simply delaying resolution of the case." Id.; *see* Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000) (finding no prejudice simply because a party loses a quick victory due to an opponent's procedural default and must now litigate on the merits). "Rather, prejudice arises when tangible harm results, such as loss of evidence, increased difficulties in discovery, or greater opportunity for fraud or collusion." Eads v. Holland Am. Line, Inc., 2008 U.S. Dist. LEXIS 7745, 2008 WL 189673, at *3 (W.D. Wash. Jan. 18, 2008) (citing Thompson v. Am. Home Assurance, 95 F.3d 429, 433-34 (6th Cir. 1996). "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." TCI Group, 244 F.3d at 701.

Being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default because if there had been no default, Plaintiffs would have had to litigate the merits of the case. A default judgment will give the Plaintiffs something of a windfall by sparing them from litigating the merits of their claim because of Defendant's failure to respond. Vacating the default merely restores the parties to an even footing in the litigation. *See* Bateman, 231 F.3d at 1225 (no prejudice simply because a party loses a quick victory due to an opponent's procedural default and must litigate on the merits).

The Complaint in this case was recently filed on December 1, 2011 and is still in the early stages of litigation. After the set aside, Defendant will simply answer the Complaint. The proceeding will in no way be delayed. Thus, setting aside the default will not prejudice Plaintiffs in this case.

Furthermore, no default judgment has yet entered, only an entry of default. The Ninth Circuit in O'Connor v. Nevada, 27 F.3d 357 (9th Cir. 1994) set aside an entry of default under circumstances where such was appropriate to decide the case on the merits. Such circumstances also exist in the case at bar. In O'Connor, the Ninth Circuit held:

> We note that no default judgment was entered. Instead, the clerk entered default and the State moved to set aside the entry of default. Fed. R. Civ. P. 55(c) provides that the district court may set aside an entry of default for good cause. We review the district court's decision on a motion to set aside entry of default for an abuse of discretion. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir. 1986). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Id.* In addition, we will not

> find that the district court's decision on a motion to set aside default is an abuse of discretion unless it was "clearly wrong" in its determination of good cause. <u>Id</u>. "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." <u>Id</u>. at 945-46 (internal quotations and brackets omitted). Further, in determining whether to set aside a default judgment under Fed. R. Civ. P. 60(b), the district court should consider whether: (1) the plaintiff would be prejudiced by setting aside the default; (2) the defendant has a meritorious defense; and, (3) the defendant's culpable conduct led to the default. <u>Falk v. Allen</u>, 739 F.2d 461, 463 (9th Cir. 1984).
>
> In the present case, the district court's decision to set aside the entry of default was not clearly wrong. First, it found that the plaintiffs suffered no prejudice. Second, as demonstrated above, the State had a meritorious defense to Appellants' constitutional challenge. Finally, the State sought timely relief. The district court found that the State acted under a good faith, albeit misguided, belief that the answer filed was timely, and thus the State was not culpable. **Therefore, the district court properly resolved all doubt in favor of setting aside the entry of default and deciding the case on its merits.** *See* <u>Pena v. Seguros La Comercial, S.A.</u>, 770 F.2d 811, 814 (9th Cir. 1985) ("default judgments are generally disfavored").

<u>O'Connor v. Nevada</u>, 27 F.3d 357, 365 (9th Cir. 1994) (emphasis added).

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). Rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation. See id.; TCI Group, 244 F.3d at 695-98.

Based on the foregoing, there will be no prejudice to Plaintiffs, Defendant has a meritorious defense, and not filing an answer was not the result of a wilful act. Defendant has thus shown good cause under the circumstances to warrant a set aside.

IV. CONCLUSION

Defendant respectfully requests the set aside of the entry of default, and leave to answer the Complaint.

DATED: Honolulu, Hawaii, March 27, 2012.

_____
ROBIN MELCHOR
Attorney for Defendant
ALOHA PLASTIC SURGERY, LLC