ROBIN MELCHOR      7616
Century Square, Suite 2204
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone:      (808) 523-1332
Fax:            (808) 523-1333
Email:          melchorr@aloha.net

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 23 2012

at 7 o'clock and 36 min. P M.
SUE BEITIA, CLERK

Attorney for Defendant
ALOHA PLASTIC SURGERY, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN ART NETWORK, LLC ) and VINCENT K. TYLOR, )<br><br>        Plaintiffs, )<br><br>        vs. )<br><br>ALOHA PLASTIC SURGERY, LLC; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10, )<br><br>        Defendants. ) | CV 11 00722 JMS KSC<br>(Copyright Infringement; Removal or Alteration of Copyright Management Information)<br><br>DEFENDANT ALOHA PLASTIC SURGERY, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ALOHA PLASTIC SURGERY, LLC FILED MARCH 24, 2012; DECLARATION OF MICHAEL A. PASQUALE; CERTIFICATE OF SERVICE<br><br>Date:  May 14, 2012<br>Time:  9:30 a.m.<br>Judge:  Kevin S.C. Chang |

**DEFENDANT ALOHA PLASTIC SURGERY, LLC'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT
ALOHA PLASTIC SURGERY, LLC FILED MARCH 24, 2012**

Defendant **ALOHA PLASTIC SURGERY, LLC** ("APS"), by and through its undersigned counsel, submits this Memorandum in Opposition to Plaintiffs' Motion for Default Judgment Against Defendant Aloha Plastic Surgery, LLC filed March 24, 2012.

Pursuant to Rule 55(c) of the *Federal Rules of Civil Procedure*, APS moved this Honorable Court to set aside the entry of default against it, which is currently scheduled to be heard on the same day as Plaintiffs' Motion.  APS has good cause to set aside the entry of default entered December 30, 2011. *See Defendant's Motion to Set Aside Default Against Defendant Aloha Plastic Surgery, LLC Filed December 30, 2011 filed March 27, 2012.*  Therefore, if APS's Motion to Set Aside Default is granted, Plaintiffs' Motion is moot and Plaintiffs are not entitled to judgment as a matter of law against APS.

I.    STATEMENT OF THE CASE

A Complaint was filed against APS on December 1, 2011 and was served on December 3, 2011.  The Complaint alleges that APS misappropriated Plaintiffs' copyrighted photographic works in violation of Copyright Act, 17 U.S.C. §101 et.seq, and that it intentionally removed copyright identification information from the photographs in violation of Digital Millennium Copyright Act, 17 U.S.C. §1202(a) and (b).

APS did not misappropriate the photographic works nor engaged in unauthorized use and copying of such on its unpublished website. *Dec. of Michael*

A. Pasquale dated April 23, 2012 at ¶12 ("Pasquale Dec."). The website, which was never published, was created as a project by a student intern of AiMiYo Ltd. *Pasquale Dec. at 13-15.* Because the website was never published, the website received no traffic. *Pasquale Dec. at 15.* The only traffic the website received was from the intern working on the site and from scrapper type software, such as PicScout, which is used to hack into private servers. The general public would not have been able to find the website because it is not published and is not listed in the search engines. *Pasquale Dec. at 17.*

APS did not create or use the website for any purpose, commercial or otherwise, and no profits or gains were made. *Pasquale Dec. at 19.* The student intern downloaded the alleged photographs from a website offering free images for download (250 Amazing Beaches Wallpapers - http://www.acegames.us/forum/ free-pc-wallpapers/ 48825- 250- amazing-beaches-wallpapers-1600-x-1200-a.html). *Pasquale Dec. at 20.* The alleged photographs from the free website were used as place holders only and were not the photographs that would have been used if the website had been published. *Pasquale Dec. at 21.*

Furthermore, APS did not intentionally remove or alter any copyright management information from the photograph. *Pasquale Dec. at 22.* The photograph, which was downloaded from the free website, did not contain such information nor did the company place false copyright management information on any image. *Id.*

APS diligently tried to find counsel to represent the company in this matter. APS met with several attorneys, however, the attorneys declined to represent the company. *Pasquale Dec. at 3.* Thus, APS decided to represent the company itself. *Id.*

APS, ignorant of the law and its legal obligations, mistakenly believed it had until February 27, 2012, to respond and answer the Complaint according to the face sheet that was attached to the Complaint. *Pasquale Dec. at 4.* However, APS later learned after default was entered against the company that the February 27, 2012 date was not the deadline to file an answer to the complaint but was the date scheduled for a Rule 16 Scheduling Conference hearing. *Pasquale Dec. at 5.*

When APS learned that default was entered against it, APS immediately filed a Request to Court to Set Aside Default on January 6, 2012. *Pasquale Dec. at 6.* On January 9, 2012, Plaintiffs filed a Motion to Strike Defendant's Request stating that APS's Request was improper because pursuant to Local Rule 83.1 of the *Rules of the United States District Court for the District of Hawaii*, business entities "cannot appear before this Court pro se and must be represented by an attorney," which the Court granted. *Pasquale Dec. at 7.*

Based on the court's ruling, APS continued diligently its search again to find representation. *Pasquale Dec. at 8.* APS did not intentionally fail to answer the Complaint nor did APS intend to take advantage of opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process. *Pasquale Dec. at 9.*

Setting aside the default will not be prejudicial to Plaintiffs because this case is still in the early stages of litigation, APS has a meritorious defense, and not filing an answer was not the result of a wilful act. For reasons discussed here and in APS's Motion to Set Aside Default Against Defendant Aloha Plastic Surgery, LLC Filed December 20, 2011, filed March 27, 2012, which APS hereby incorporates herein by reference in the interest of judicial economy and efficiency and to avoid duplication and waste of resources, APS has good cause under the circumstances

to warrant a set aside.  Therefore, Plaintiffs' motion is moot, should be denied, and Plaintiffs are not entitled to judgment as a matter of law against APS.

## II.   STANDARD OF REVIEW

*Federal Rules of Civil Procedure* Rule 55 (c), which grants the court the discretion to set aside a default for good cause, states as follows:

> (c)   Setting Aside a Default or a Default Judgment.  The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

> > The district court did not err in setting aside the defaults of the defendants Abreu and Forman. "Absent an abuse of discretion, there is no error in setting aside a default where the judge finds good cause to do so." Curry v. Jensen, 523 F.2d 387, 388 (9th Cir. 1975). **The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment.** *See* Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981).  A decision on a motion to set aside a default is not an abuse of discretion unless the court is "clearly wrong" in its determination of good cause.  Provident Security Life Insurance Co. v. Gorsuch, 323 F.2d 839, 842 (9th Cir. 1963).  "'Where timely relief is sought from a default . . . and the movant has a meritorious defense, **doubt, if any, should be resolved in favor of the motion to set aside the [default]** so that cases may be decided on their merits.'" Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974) (*quoting* 7 J. Moore, Moore's *Federal Practice* para. 60.19 at 232-33).

Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945-46 (9th Cir. 1986).

III.   ARGUMENT

"A plaintiff who obtains a entry of default is not entitled to default judgment as a matter of right." *See* Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003). "Default judgments are disfavored; cases should be decided on the merits if possible." *See* In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993). Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (*citing* Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

"In determining whether to grant default judgment, the court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."

Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006) (*quoting* Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

As set forth herein and in APS's Motion to Set Aside Default Against Defendant Aloha Plastic Surgery, LLC Filed December 20, 2011, filed March 27, 2012, which APS hereby incorporates herein by reference in the interest of judicial economy and efficiency and to avoid duplication and waste of resources, the factors that the Court must consider in deciding whether to grant default judgment clearly do not fall in Plaintiffs' favor.

First, Plaintiffs will not be prejudiced if the default is set aside.  As stated, APS has a pending Motion to set aside the default and has good cause to set aside the entry of default entered December 30, 2011.  In determining the factor of prejudice, the relevant question is "'whether the plaintiff's ability to pursue his claim will be hindered.'"  TCI Group Life Ins. Plan, 244 F.3d at 701 (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)).  The harm to a plaintiff must be more than "simply delaying resolution of the case."  Id.; *see* Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000) (finding no prejudice simply because a party loses a quick victory due to an opponent's procedural default and must now litigate on the merits).  "Rather, prejudice arises when tangible harm results, such as loss of evidence, increased difficulties in discovery, or greater opportunity for fraud or collusion."  Eads v. Holland Am. Line, Inc., 2008 U.S. Dist. LEXIS 7745, 2008 WL 189673, at *3 (W.D. Wash. Jan. 18, 2008) (citing Thompson v. Am. Home Assurance, 95 F.3d 429, 433-34 (6th Cir. 1996).  "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case."  TCI Group, 244 F.3d at 701.  The Complaint, which was recently filed on December 1, 2011, is still in the early stages of litigation.  After the set aside, APS will simply answer the Complaint.  The proceeding will in no way be delayed.  Thus, setting aside the default will not prejudice Plaintiffs in this case.

Second, Plaintiffs have not demonstrated that APS illegally used the alleged photographs on its unpublished website and illegally removed copyright management information from the photographic works.  The unpublished website was created as a project by a student intern of AiMiYo Ltd., Akiko Dodd. *Pasquale Dec. at 13*.  Plaintiffs found this unpublished website because they used

special software that was used to hack into APS's web server. *Pasquale Dec. at 16.* The student intern downloaded the photographs from a website offering free images for download (250 Amazing Beaches Wallpapers - http://www.acegames.us/forum/free-pc-wallpapers/ 48825- 250- amazing-beaches-wallpapers -1600- x-1200 -a.html). *Pasquale Dec. at 20.* The photographs from the free website were used as place holders only (which was why the same image appeared repeatedly in the website) and were not the photographs that would have been used if the website had been published. *Pasquale Dec. at 21.* In fact, Plaintiffs admit that one of the images was not registered. *See Plaintiffs' Memorandum at 11.*

Furthermore, APS did not intentionally remove or alter any copyright management information from the photograph. *Pasquale Dec. at 22.* The photographs, which were downloaded from the free website, did not contain such information nor did the company place false copyright management information on any image. *Id.*

Third, based on the foregoing, clearly there is a dispute concerning material facts.

Fourth, there is no sum of money at stake in this action. Courts have wide discretion in determining the amount of statutory damages within the allowable range. *See* Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001). "Statutory damages should bear some relation to the plaintiff's actual damages, but they will not correspond exactly because of the difficulty in proving actual damages." *See* Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., Inc., 670 F. Supp. 1133, 1140 (E.D.N.Y. 1987). Here, the website was never published and received no traffic. *Pasquale Dec. at 15.* The only traffic the website received was from the intern working on the site and from

- 8 -

scrapper type software, such as PicScout, which was used to hack into APS's server. *Id.* APS did not create or use the website for any purpose, commercial or otherwise, and no profits or gains were made from the website. *Pasquale Dec. at 19.* In fact, Plaintiffs admit that the photograph that was used as a place holder 27 times on the unpublished website was not even registered. *See Plaintiffs' Memorandum at 11.* Thus, Plaintiffs have not suffered any actual damages. Therefore, Plaintiffs' request for statutory and actual damages in the amount of $34,272 is clearly inappropriate and not warranted under the circumstances.

Moreover, because Plaintiffs will not be able to prove that APS intentionally removed or altered any copyright management information from the images as required under 17 U.S.C. §1202, APS should be entitled to an award of its reasonable attorney's fees and costs as the prevailing party to defend against this lawsuit.

Fifth, as set forth herein and in APS's Motion to Set Aside Default, the default was due to excusable neglect.

Lastly, the strong policy underlying the Federal Rules of Civil Procedure favor decisions on merits and favors denial of Plaintiffs' Motion. ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). Rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation. *See* id.; TCI Group, 244 F.3d at 695-98.)

Based on the foregoing, Plaintiffs request for attorney's fees and costs, which are not reasonable and excessive, should also be denied.

IV.   CONCLUSION

For the reasons stated above and for other such reasons as may be presented at a hearing on this matter, APS respectfully requests that this Honorable Court DENY Plaintiffs' Motion for Default Judgment Against Defendant Aloha Plastic Surgery, LLC.

DATED:  Honolulu, Hawaii, April 23, 2012.

ROBIN MELCHOR
Attorney for Defendant
ALOHA PLASTIC SURGERY, LLC

- 10 -