ORIGINAL

ROBIN MELCHOR        7616
Century Square, Suite 2204
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone:    (808) 523-1332
Fax:          (808) 523-1333
Email:        melchorr@aloha.net

Attorney for Defendant
ALOHA PLASTIC SURGERY, LLC

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 30 2012

at 9 o'clock and 30 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN ART NETWORK, LLC and VINCENT K. TYLOR,<br><br>Plaintiffs,<br><br>vs.<br><br>ALOHA PLASTIC SURGERY, LLC; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>Defendants. | CV 11 00722 JMS KSC<br>(Copyright Infringement; Removal or Alteration of Copyright Management Information)<br><br>DEFENDANT ALOHA PLASTIC SURGERY, LLC'S **REPLY IN SUPPORT** OF MOTION TO SET ASIDE DEFAULT AGAINST DEFENDANT ALOHA PLASTIC SURGERY, LLC FILED DECEMBER 30, 2011; CERTIFICATE OF SERVICE<br><br>Date:  May 14, 2012<br>Time:  9:30 a.m.<br>Judge: Kevin S.C. Chang |

**DEFENDANT ALOHA PLASTIC SURGERY, LLC'S
REPLY IN SUPPORT OF MOTION TO SET ASIDE
DEFAULT AGAINST DEFENDANT ALOHA
PLASTIC SURGERY, LLC FILED DECEMBER 30, 2011**

Defendant **ALOHA PLASTIC SURGERY, LLC** ("APS"), by and through its undersigned counsel, submits this Reply in Support of its Motion to Set Aside Default Against Defendant Aloha Plastic Surgery, LLC filed December 30, 2011.

As set forth in Defendant APS's Memorandum in Opposition to Plaintiffs' Motion for Default Judgment Against APS Filed March 24, 2012, filed April 23, 2012, which will not be repeated here, APS has provided the factual basis necessary to set aside the entry of default entered December 30, 2011 and to deny Plaintiffs' Motion for Default Judgment. *See Defendant Aloha Plastic Surgery, LLC's Memorandum in Opposition to Plaintiffs' Motion for Default Judgment Against Defendant Aloha Plastic Surgery, LLC Filed March 27, 2012.*

APS's failure to answer the complaint was not the result of a wilful act. In fact, as Plaintiffs acknowledge, APS was actively "looking for an attorney who will go after this and willing to pay for the depositions and get all HAN records to see if this is a scam etc now or legitimate." *See Plaintiffs' Memorandum in Opposition at 3-4.* Plaintiffs' counsel also admits that APS, after learning that default was entered against it, contacted him to request that Plaintiffs set aside the default. *See Plaintiffs' Memorandum in Opposition at 4.* APS then filed a Request to Court to Set Aside Default on January 6, 2012. For Plaintiffs to allege that APS intentionally failed to answer the Complaint and to suggest to this Court that APS could not be bothered to retain counsel to defend this lawsuit is clearly erroneous.

APS's conduct does not suggest the bad faith necessary to find that it intentionally failed to answer the complaint or that it intended to take advantage of opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.

Additionally, on February 15, 2012, APS's counsel did contact Plaintiffs' counsel, J. Stephen Street, to see if he would stipulate to set aside the default that was entered against APS. *See Declaration of Counsel at 3*. Mr. Street told APS's counsel that I should evaluate the claims first before filing a motion to set aside the default. *Dec. of Counsel at 4*. During the conversation, Mr. Street gave the impression that he would give me sufficient time to evaluate the claims and agreed not to file for a default judgment without notifying me first. *Dec. of Counsel at 5*. Mr. Street, however, called the following week for an update. I told him I was working on several deadlines and had not reviewed and evaluated the claims yet. *Dec. of Counsel at 6*. Mr. Street then asked if I would be able to get back to him by February 24, 2012. *Dec. of Counsel at 7*. I told him I would try, however, it did not look promising. *Dec. of Counsel at 8*. Based on our understanding of February 15, 2012, Mr. Street never contacted me nor notified me prior to the Rule 16 Scheduling Conference that he was planning to file for default judgment. *Dec. of Counsel at 9*.

Clearly APS has a meritorious defense, has presented specific facts that would constitute a defense, and is prepared to defend against the allegations and claims set forth in Plaintiffs' Complaint. As stated in APS's Motion and in APS's Memorandum in Opposition to Plaintiffs' Motion for Default Judgment filed April 23, 2012, Plaintiffs have not demonstrated that APS illegally used the alleged

photographs on its unpublished website and illegally removed copyright management information from the photographic works.

Plaintiffs found the unpublished website, which was created as a project by a student intern of AiMiYo Ltd., by using special software to scrape APS's web server. *See Declaration of Michael A. Pasquale dated April 23, 2012 attached to APS's Memorandum in Opposition at 13, 16.* The student intern downloaded the photographs from a website offering free images for download (250 Amazing Beaches Wallpapers - http://www.acegames.us/forum/free-pc-wallpapers/48825-250-amazing-beaches-wallpapers-1600-x-1200-a.html), and used the photographs as place holders only, which would be replaced once the website was completed for publication. *Pasquale Dec. at 20-21.* The website received no traffic and was not created or used for any purpose, commercial or otherwise, and no profits or gains were made from the website. *Pasquale Dec. at 15, 19.* In fact, Plaintiffs admit that one of the images was not registered. *See Plaintiffs' Memorandum at 11.* Thus, Plaintiffs have not suffered any actual damages.

Moreover, APS did not intentionally remove or alter any copyright management information from the photograph. *Pasquale Dec. at 22.* The photographs, which were downloaded from the free website, did not contain such information nor did the company place false copyright management information on any image. *Id.* Thus, Plaintiffs will not be able to prove that APS intentionally removed or altered any copyright management information from the images as required under 17 U.S.C. §1202.

Lastly, Plaintiffs admit that it will not be prejudiced if the default is set aside and it has to prove its case on the merits.

Based on the foregoing, APS has shown good cause under the circumstances to warrant a set aside and respectfully requests that this Honorable Court set aside the entry of default and DENY Plaintiffs' Motion for Default Judgment Against Defendant Aloha Plastic Surgery, LLC.

DATED: Honolulu, Hawaii, April 30, 2012.

_____
ROBIN MELCHOR
Attorney for Defendant
ALOHA PLASTIC SURGERY, LLC