IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN ART NETWORK, LLC ) <br> and VINCENT K. TYLOR, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ALOHA PLASTIC SURGERY, ) <br> LLC; JOHN DOES 1-10; JANE ) <br> DOES 1-10; DOE CORPORATIONS ) <br> 1-10; DOE PARTNERSHIPS 1-10; ) <br> and DOE ASSOCIATIONS 1-10, ) <br> ) <br> Defendants. ) <br> _____ ) | CV 11 00722 JMS KSC <br> (Copyright Infringement; Removal or Alteration of Copyright Management Information) <br> <br> COUNTERCLAIM |

## **COUNTERCLAIM**

Counterclaimant ALOHA PLASTIC SURGERY, LLC, by and through its undersigned counsel, and for a Counterclaim against the above-named Counterclaim Defendants HAWAIIAN ART NETWORK, LLC and VINCENT K. TYLOR, alleges and avers as follows:

1. Counterclaimant ALOHA PLASTIC SURGERY, LLC is and was at all times relevant a limited liability company organized under the laws of the State of Hawaii and doing business within the State of Hawaii.

2. Counterclaim Defendant HAWAIIAN ART NETWORK, LLC is and was at all times relevant a domestic profit limited liability company organized under the laws of the State of Hawaii and doing business within the State of Hawaii.

3. Counterclaim Defendant VINCENT K. TYLOR is and was at all times relevant a resident of the State of Hawaii.

4. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, for the purpose of determining a question of actual controversy between Counterclaimant and Counterclaim Defendants.

5. This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§1331 and 1338 in that this action arises under the Copyright Laws of the United States, Title 17, United States Code.

6. Venue is satisfied by the presence of Counterclaim Defendants in this judicial district.

7. The averments of the Answer to the Complaint, including the affirmative defenses thereto, are incorporated herein by reference.

8. In light of the actual controversy existing between Counterclaimant and Counterclaim Defendants by virtue of the Complaint filed by Counterclaim Defendants, Counterclaimant is entitled to a judgment declaring that the use, if any, of the photographs in question was fair use within the meaning of the copyright law.

WHEREFORE, Counterclaimant asks that the Court enter an order against Counterclaim Defendants as follows:

1. That Plaintiffs/Counterclaim Defendants take nothing by Plaintiffs' Complaint and that Defendant/Counterclaimant be awarded a judgment in its favor on the claims in Plaintiff's Complaint;

2. That the Complaint be dismissed with prejudice;

3. That on Defendant/Counterclaimant's counterclaim for declaratory judgment, the Court declare:

a. that Defendant/Counterclaimant did not infringe on any legitimate copyright interest of the Plaintiffs;

b. that Plaintiffs/Counterclaim Defendants are estopped from asserting any copyright interest because of their actions;

c. that Plaintiffs/Counterclaim Defendants are found guilty of laches and therefore barred from relief;

d. that the actions of Plaintiffs/Counterclaim Defendants were inequitable and therefore Plaintiffs/Counterclaim Defendants are barred from relief of any type;

e. that Plaintiffs/Counterclaim Defendants are guilty of such gross misconduct that they are liable for attorneys' fees and costs; and

f. that Defendant/Counterclaimant be awarded its damages according to proof;

4. That Defendant/Counterclaimant be awarded its damages according to proof;

5. That the Court award Defendant/Counterclaimant its costs and expenses incurred herein, incurring reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

6. That the Court award such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, May 17, 2012.

ROBIN MELCHOR
Attorney for Defendant
ALOHA PLASTIC SURGERY, LLC