ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 19 2012

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

ROBIN MELCHOR     7616
Davies Pacific Center, Suite 800
841 Bishop Street
Honolulu, Hawaii 96813
Telephone:     (808) 523-1332
Fax:           (808) 538-7579
Email:         melchorr@aloha.net

YANNY & SMITH, PLC
JOSEPH A. YANNY (SBN 097979) (*Pro Hac Vice pending*)
KIM D. ASHLEY (SBN 253160) (*Pro Hac Vice pending*)
SHIRLEY S. HUANG (SBN 280480) (*Pro Hac Vice pending*)
1801 Century Park East, Suite 2300
Los Angeles, California  90067
Telephone: (310) 551-2966
Facsimile: (310) 551-1949
Email: jyanny@yannylaw.com

Attorneys for Defendant and Counterclaimant
ALOHA PLASTIC SURGERY, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN ART NETWORK, LLC ) and VINCENT K. TYLOR, ) ) Plaintiffs, ) ) vs. ) ) ALOHA PLASTIC SURGERY, ) LLC; JOHN DOES 1-10; JANE ) DOES 1-10; DOE CORPORATIONS ) 1-10; DOE PARTNERSHIPS 1-10; ) and DOE ASSOCIATIONS 1-10, ) ) Defendants. ) ) | CV 11 00722 JMS KSC (Copyright Infringement; Removal or Alteration of Copyright Management Information) DEFENDANT ALOHA PLASTIC SURGERY, LLC'S ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT AND REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION; **AMENDED COUNTERCLAIM;** DEMAND FOR JURY TRIAL |

## DEFENDANT ALOHA PLASTIC SURGERY, LLC'S ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT AND REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION

Defendant **ALOHA PLASTIC SURGERY, LLC** ("Defendant"), by and through its undersigned counsel, hereby submits its Answer to the Complaint for Copyright Infringement and Removal or Alteration of Copyright Management Information filed December 1, 2011 ("Complaint"), as follows:

### PARTIES

1.     With respect to the allegations in paragraph 1, Defendant lacks sufficient information or belief to admit the allegations contained therein and therefore denies the same.

2.     With respect to the allegations in paragraph 2, Defendant lacks sufficient information or belief to admit the allegations contained therein and therefore denies the same.

3.     With respect to the allegations in paragraph 3, Defendant is a limited liability company organized under the laws of the State of Hawaii and doing business within the State of Hawaii.

4.     With respect to the allegations in paragraph 4, Defendant lacks sufficient information or belief to admit the allegations contained therein and therefore denies the same.

### JURISDICTION AND VENUE

5.     With respect to the allegations in paragraph 5, Defendant admits that this purports to be an action for copyright infringement, but denies having engaged in any infringing activities.

6.     Defendant admits the allegations in paragraphs 6 and 7 of the Complaint.

## FACTUAL ALLEGATIONS

7.     With respect to the allegations in paragraph 8, Defendant lacks sufficient information or belief to admit the allegations contained therein and therefore denies the same.

8.     With respect to the allegations in paragraph 9, Defendant lacks sufficient information or belief to admit the allegations contained therein and therefore denies the same.

9.     With respect to the allegations in paragraph 10, Defendant lacks sufficient information or belief to admit the allegations contained therein and therefore denies the same.

10.     Defendant denies the allegations in paragraph 11 of the Complaint. Defendant's use, if any, of the photographs were on a proposed website that was never released to the public and therefore the use is fair use.  The proposed and unpublished website received no traffic and was not created or used for any purpose, commercial or otherwise, and no profits or gains were made from the website.

11.     With respect to the allegations in paragraph 12 (on page 4), Defendant lacks sufficient information or belief to admit the allegations contained therein and therefore denies the same.

12.     Defendant denies the allegations in paragraph 12 (sic) (on page 5) of the Complaint.  The photographs were represented as available for free copying for use from the internet for years.

13.     Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint. Defendant and/or its agents did not intentionally remove or alter any copyright management information from the photographs. The photographs, which were downloaded from a website offering free images for download, did not contain such information nor did Defendant and/or its agents place false copyright management information on any image.

16. With respect to the allegations in paragraph 16, Defendant was not contacted on or about August 31, 2010 by Plaintiffs to resolve the alleged use of the photographs. Defendant admits that the Plaintiffs, through their counsel, made demand upon Defendant to cease and desist from using any of Plaintiffs' copyrighted works and that Defendant pay a fee.

17. With respect to the allegations in paragraph 17, Defendant responded to the demand, the contents of which are protected pursuant to Rule 408, FRE, and is without knowledge or information sufficient to admit or deny the remaining allegations therein.

18. Defendant denies the allegations in paragraph 18 of the Complaint. The photographs were represented as available for free copying for use from the internet for years. Upon information and belief, the Plaintiffs placed the photographs on the internet; received notice that they were available for free copying for use; and that the photographs have been available as such for years.

19. With respect to the allegations in paragraph 19, Defendant lacks sufficient information or belief to admit the allegations contained therein and therefore denies the same.

- 4 -

## FIRST CAUSE OF ACTION

20.    With respect to the allegations contained in paragraph 20 of the Complaint, Defendant incorporates and re-alleges the answers and denials to paragraphs 1 through 19 of the Complaint as though fully set forth herein.

21.    With respect to the allegations in paragraph 21, Defendant lacks sufficient information or belief to admit the allegations contained therein and therefore denies the same.

22.    Defendant denies the allegations in paragraphs 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, and 33 of the Complaint.

23.    Defendant denies the allegations in paragraph 31 of the Complaint. The proposed website received no traffic and was not created or used for any purpose, commercial or otherwise, and no profits or gains were made from the website.

## SECOND CAUSE OF ACTION

24.    With respect to the allegations contained in paragraph 34 of the Complaint, Defendant incorporates and re-alleges the answers and denials to paragraphs 1 through 33 of the Complaint as though fully set forth herein.

25.    Defendant denies the allegations in paragraph 35 of the Complaint. Defendant and/or its agents did not intentionally remove or alter any copyright management information from the photographs.  The photographs, which were downloaded from a free website, did not contain such information nor did Defendant and/or its agents place false copyright management information on any image.

26.    Defendant denies the allegations in paragraphs 36, 37, 39 and 40 of the Complaint.

- 5 -

27.     Defendant denies the allegations in paragraph 38 of the Complaint. The proposed website received no traffic and was not created or used for any purpose, commercial or otherwise, and no profits or gains were made from the website.

28.     Defendant denies each and every allegation of the Complaint not specifically admitted or otherwise responded to herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2.     Plaintiffs' Complaint, and each claim alleged therein, is barred because Plaintiffs have not suffered any harm as a result of the conduct of Defendant.

### THIRD DEFENSE

3.     Defendant intends to rely on the defense that Plaintiffs have failed to join parties indispensable under Rule 19 of the Federal Rules of Civil Procedure.

### FOURTH DEFENSE

4.     Plaintiff is barred from maintaining this action against Defendant by reason of their own negligence or other wrongful conduct which caused the injuries alleged in the Complaint herein.

### FIFTH DEFENSE

5.     Plaintiffs' Complaint, and each claim alleged therein, is barred by the doctrine of estoppel.

### SIXTH DEFENSE

6.     Plaintiff is barred from maintaining this action against Defendant by reason of Plaintiff's voluntary assumption of a known risk.

## SEVENTH DEFENSE

7.    Defendant intends to rely on the defense of Unclean Hands.

## EIGHTH DEFENSE

8.    Defendant alleges that the claims alleged in the Complaint were caused, if at all, by other persons or entities not named in the Complaint.

## NINTH DEFENSE

9.    Plaintiff is barred from maintaining this action against Defendant based upon the doctrine of laches.

## TENTH DEFENSE

10.    Defendant alleges that the claims alleged within the Complaint are barred by the applicable statute of limitations.

## ELEVENTH DEFENSE

11.    Defendant intends to rely upon the defense that even if Plaintiffs sustained any of the injuries and damages as alleged in the Complaint, such injury and damages were proximately caused by persons or entities over which Defendant had no control, thus Defendant did not proximately cause Plaintiffs' alleged injury and damage, if any.

## TWELFTH DEFENSE

12.    Defendant intends to rely upon the defense that even if Defendant was negligent, any such negligence was not the legal/proximate cause of Plaintiffs' injury and damage as alleged in the Complaint due to the fact Plaintiffs' injury and damage resulted from the tortuous acts or omissions of other defendants or events, if any, and said other defendants' torts or events constitute intervening and superceding causes of Plaintiffs' injuries and damages.

## THIRTEENTH DEFENSE

13.   Defendant intends to rely upon the defense that Plaintiffs' negligent act, omission or breach was a proximate cause of Plaintiffs' damages, if any.

## FOURTEENTH DEFENSE

14.   Defendant intends to rely upon the defense that Plaintiffs' actions added or aggravated their injuries alleged in the Complaint.

## FIFTEENTH DEFENSE

15.   Defendant alleges that Plaintiffs have not suffered any damages due to Defendant's conduct.

## SIXTEENTH DEFENSE

16.   Plaintiffs have waived any claim against Defendant.

## SEVENTEENTH DEFENSE

17.   Defendant gives notice that it reserves the right to raise the defense of lack of copyright registration or fatally defective copyright registration.  To the extent that the copyright registrations relied upon by Plaintiffs are inapplicable or fatally defective, this Court lacks jurisdiction over the subject matter of this action.

## EIGHTEENTH DEFENSE

18.   Defendant gives notice that it reserves the right to raise the defense that one or both of the Plaintiffs lack of standing to bring the alleged claims or that Plaintiffs' claims are otherwise non-judiciable.  To the extent that one or both of the Plaintiffs lack standing to bring the alleged claims, or the claims are otherwise non-judiciable, this Court lacks jurisdiction over such claims.

## NINETEENTH DEFENSE

19.    Defendant gives notice that it reserves the right to raise the defenses of consent, waiver, release, abandonment, acquiescence, recession, abrogation, accord and satisfaction, license, implied license, and set-off or off-set.

## TWENTIETH DEFENSE

20.    Defendant gives notice that it reserves the right to raise the defenses of unconscionability, illegality, mistake, entrapment, enticement, bad faith, and honeypotting.

## TWENTY-FIRST DEFENSE

21.    Defendant gives notice that it reserves the right to raise the defense that Plaintiffs abandoned any copyright inhering in the subject photographs and/or that the subject photographs are in the public domain.

## TWENTY-SECOND DEFENSE

22.    Defendant gives notice that it reserves the right to raise the defenses of fair use and/or *de minimus* infringement.

## TWENTY-THIRD DEFENSE

23.    Defendant gives notice that it reserves the right to raise the defense of innocent intent.

## TWENTY-FOURTH DEFENSE

24.    Plaintiffs have an adequate remedy at law and injunctive relief is not warranted in the circumstances of this case.

## TWENTY-FIFTH DEFENSE

25.    Defendant reserves the right to assert additional defenses that may be revealed through investigation, discovery, and or trial, and Defendant gives further notice that Defendant intends to rely upon any other matter which constitutes an

avoidance or affirmative defense available under Rules 8 and/or 12 of the <u>Federal Rules of Civil Procedure</u>.

## TWENTY-SIXTH DEFENSE

26.   Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be available to it in this action and Defendant reserves the right to assert additional defenses when such affirmative defenses are applicable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

A.   The Complaint be dismissed with prejudice or that judgment be entered in Defendant's favor and against Plaintiffs;

B.   Defendant be awarded its attorneys' fees and costs incurred herein as provided by statute; and

C.   For such other and further relief as this Court deems just and proper under the circumstances, whether at law or in equity.

DATED:  Honolulu, Hawaii, May 19, 2012.

ROBIN MELCHOR

JOSEPH A. YANNY (*Pro Hac Vice pending*)
KIM D. ASHLEY (*Pro Hac Vice pending*)
SHIRLEY S. HUANG (*Pro Hac Vice pending*)

Attorneys for Defendant
ALOHA PLASTIC SURGERY, LLC

- 10 -