J. STEPHEN STREET          1573-0
134 Maono Place
Honolulu, Hawaii  96821
Telephone No.:     (808) 754-1647
Facsimile No.:      (888) 334-6499
E-mail:      jsstreet@ip-law-hawaii.com

Attorney for Plaintiffs
HAWAIIAN ART NETWORK, LLC and VINCENT K. TYLOR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HAWAIIAN ART NETWORK, LLC, a Hawai'i limited liability company; and VINCENT K. TYLOR,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>ALOHA PLASTIC SURGERY, LLC, a Hawai'i limited liability company; MICHAEL ANTHONY PASQUALE, an individual; AIMIYO INTERNATIONAL, LTD, a foreign corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>                    Defendants. | CIVIL NO. 11-00722 JMS KSC<br>(Copyright Infringement; Digital Millennium Copyright Act Violation)<br><br>FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATION; EXHIBITS "A"-"C"; SUMMONS |

# COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATION

COMES NOW, Plaintiffs HAWAIIAN ART NETWORK, LLC, and VINCENT K. TYLOR, by their attorney, J. Stephen Street, AAL, pursuant to Rule 15(a)(1)(B) Federal Rules of Civil Procedure and for their First Amended Complaint allege as follows:

## PARTIES

1. Plaintiff HAWAIIAN ART NETWORK, LLC ("HAN LLC") is a Hawaii limited liability company with its principal place of business at 1888 Kalakaua Blvd., Suite C312, Honolulu, Hawai'i 96815.

2. Plaintiff VINCENT K. TYLOR ("Tylor") is a resident of the State of Hawaii.

3. Defendant ALOHA PLASTIC SURGERY, LLC ("APS"), is a limited liability company organized under the laws of the State of Hawai'i and doing business in the State of Hawai'i.

4. Defendant MICHAEL ANTHONY PASQUALE, ("Pasquale") is an individual residing in the City and County of Honolulu, Hawai'i.

5. Upon information and belief, Defendant AIMIYO INTERNATIONAL, LTD. ("Aimiyo") is a foreign corporation, doing business within the state of Hawai'i.

6. JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, said Defendants' true names and identities are presently unknown to Plaintiffs, except, upon information and belief, that they are connected in some manner with the named Defendant and/or were the agents, servants, employees, employers, representatives, co-venturers, associates, successors or assignees of the named Defendant who may be under a duty, contractually or otherwise, to pay Plaintiffs compensation for loss incurred by the actions or omissions of the named Defendant and/or were in some manner related to the named Defendant and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiffs or their attorneys.  To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiffs' counsel has investigated the facts alleged herein through <u>inter alia</u>, interview of Plaintiffs and inspection of the records in this matter.  When the true names and capacities are ascertained, through appropriate discovery, Plaintiffs shall move to amend this action to state the true names.

## JURISDICTION AND VENUE

7. This is an action for preliminary and permanent injunctive relief and damages arising from Defendants' copyright infringement(s) in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq. and for violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this district under 28 U.S.C. § 1400(a) and 28 U.S.C. §§ 1391(b) and 1391(c).

## FACTUAL ALLEGATIONS

10. The photographic works, image nos.: O-01 Waikiki–Pink Boat ORIG., and A-11 Hawaiian Sunset, at issue in this case were created by photographer Vincent K. Tylor, who is represented by Hawaiian Art Network, LLC, which now owns the copyrights to the works by written assignment. The copyrights for the photographic works at issue were registered with the United States Copyright Office as VA 1-759-562 and VA 1-696-555 in the name of Vincent K. Tylor. Plaintiffs have had exclusive rights and privileges in the photographic works under the United States Copyright Act during the period of Defendants' infringing use. True and correct copies of the Certificates of Registration are attached hereto as Exhibit "A."

11. The said photographic works were not "work for hire."

12. Vincent K. Tylor incurred substantial time and expense in creating the photographic works.

13. In August 2011, Plaintiffs learned that Defendants APS and Pasquale used the photographic work O-01 Waikiki–Pink Boat ORIG., on the website, www.hair-transplant-hawaii.com, a total of twenty-seven times as follows:

"**O-01 Waikiki–Pink Boat ORIG.**" used 27 times at:
**Page URLs:**
http://www.hair-transplant-hawaii.com/
http://www.hair-transplant-hawaii.com/hair-transplant/index.php
http://www.hair-transplant-hawaii.com/hair-transplant/who-needs-hair-transplant.php
http://www.hair-transplant-hawaii.com/hair-transplant/transplanting-hair.php
http://www.hair-transplant-hawaii.com/hair-transplant/hair-transplant-surgery.php
http://www.hair-transplant-hawaii.com/hair-transplant/hair-transplant-costs.php
http://www.hair-transplant-hawaii.com/hair-transplant/female-hair-transplant.php
http://www.hair-transplant-hawaii.com/hair-transplant/art-of-restoring-hair.php
http://www.hair-transplant-hawaii.com/hair-transplant/history-of-hair-transplants.php
http://www.hair-transplant-hawaii.com/risks-recovery/index.php
http://www.hair-transplant-hawaii.com/risks-recovery/hair-transplant-risks.php
http://www.hair-transplant-hawaii.com/risks-recovery/hair-transplant-scar.php
http://www.hair-transplant-hawaii.com/risks-recovery/hair-transplant-recovery.php
http://www.hair-transplant-hawaii.com/risks-recovery/hair-transplant-side-effects.php
http://www.hair-transplant-hawaii.com/risks-recovery/post-operative-care.php
http://www.hair-transplant-hawaii.com/hair-loss/index.php
http://www.hair-transplant-hawaii.com/hair-loss/hair-loss-drugs.php
http://www.hair-transplant-hawaii.com/hair-loss/use-of-medication.php
http://www.hair-transplant-hawaii.com/hair-loss/hair-loss-treatments.php
http://www.hair-transplant-hawaii.com/hair-loss/hair-loss-surgeon.php
http://www.hair-transplant-hawaii.com/baldness/index.php
http://www.hair-transplant-hawaii.com/baldness/baldness-surgeon.php
http://www.hair-transplant-hawaii.com/baldness/baldness-therapy.php
http://www.hair-transplant-hawaii.com/about-doc/index.php
http://www.hair-transplant-hawaii.com/about-doc/hair-transplant-doctors.php
http://www.hair-transplant-hawaii.com/about-doc/your-hair-transplant-surgeon.php
http://www.hair-transplant-hawaii.com/contact-us/privacy_notice.php
**Image URL:**
http://www.hair-transplant-hawaii.com/images/contactdr.jpg

14. Subsequently, Plaintiffs learned about additional infringements of Plaintiffs' photographic works on other APS websites, www.plastic-surgery-hawaii.com, and www.hawaiibiyouseikei.com, as follows:

"**O-01 Waikiki–Pink Boat ORIG**." used at:
**Page URL:**
http://www.plastic-surgery-hawaii.com/page/2/
**Image URL:**
http://www.plastic-surgery-hawaii.com/wp-content/uploads/2010/06/waikiki_oahu_hawaii-1024x768.jpg     (Full Screen Hi Res Click-On Image)


"**A-11 Hawaiian Sunset**." used at:
**Page URL:**
http://www.hawaiibiyouseikei.com
**Image URLs:**
http://www.hawaiibiyouseikei.com/wp-content/uploads/2010/11/58-300x225.jpg
http://www.hawaiibiyouseikei.com/wp-content/uploads/2010/11/58.jpg
(Full Screen Hi Res Click-On Image)

15. Said photographic works were used without obtaining licenses or consent from Plaintiffs and thus violating Plaintiffs' exclusive right to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 106. True and correct copies of the photographic works registered by Plaintiff Tylor and used without permission on Defendant APS's websites are attached hereto as Exhibit "B". True and correct copies of screenshots of Defendants' infringing uses of the photographic works at their websites are attached as Exhibit "C".

16. Plaintiffs' copyrighted photographic works, where they are legitimately available for licensing, bear Plaintiffs' copyright management information.

17. Upon information and belief, Defendant Aimiyo created the www.hair-transplant-hawaii.com website, under the direction and control of Defendant Pasquale, its Chief Executive Officer, for the purpose of promoting his APS plastic surgery practice and its presence on the World Wide Web. Aimiyo maintains a website offering SEO, website design, consulting, and plastic surgery marketing services at www.aimiyo.com. Although, Defendant Aimiyo is not registered to do business in the State of Hawai'i, it lists a Hawai'i telephone number for its only telephone contact information, and several Hawai'i businesses as clients, and is thereby, doing business in Hawai'i.

18. Defendants, or their agents, employees, or representatives, intentionally created a derivative work using the No. O-01 Pink Boat ORIG. Image and placed false copyright management information on the image as it appeared 27 times at the www.hair-transplant-hawaii.com website, promoting Defendants APS and Pasquale's plastic surgery practice. Upon information and belief, Defendants also removed or altered copyright management information from the photographic works at issue for each of their uses of those photographic works, without the authority of Plaintiffs or the law. Defendant APS's websites contain copies of the

6

photographic works in question, without the copyright management information that was included with the images at Defendants' source of those photographic works.

19. Defendants created the www.hair-transplant-hawaii.com website as part of their Search Engine Optimizing (SEO) marketing strategy for Defendant APS, under the direct supervision and control of Defendant Pasquale, acting as the sole member of Defendant APS and as the CEO of Defendant Aimiyo. At www.aimiyo.com/seo/lastic_surgery_marketing.php, Defendant Aimiyo states as follows:

> Plastic Surgeons present special issues for a web development firm. As a web savvy highly competitive industry it has unique challenges. SEO is difficult and requires special skills and knowledge of the field to gain the competitive edge. The competition is willing to spend huge amounts of money for a very lucrative market share. This is one industry where money is spent to increase client base through internet marketing. Money has its limits and ideas must take over.
>
> Aimiyo International understands the competition and the consumers of plastic surgery as the CEO of Aimiyo is a plastic surgeon for over 20 years. Dr. Pasquale has been involved in the internet for over 15 years marketing his own practice on the Internet.

20. Defendant Aimiyo describes the internet marketing benefits of its Link Building Strategies & Services at: www.aimiyo.com/seo/link_building.php:

> Aimiyo has gone to great lengths to develop proprietary technology and methods to naturally acquire the whitehat links that your site needs. Aimiyo also understands that not only are attaining and managing these links important, but leveraging your own links is just as important.

7

21.     Upon information and belief, the creation of the www.hair-transplant-hawaii.com website was part of the SEO marketing strategy described by Defendant Aimiyo at www.aimiyo.com/seo/link_building.php for Defendant APS and Defendant Aimiyo, both of which are under the direct supervision and control of Defendant Pasquale.  Defendant Pasquale, derives direct financial benefits from the marketing by Defendants APS and Aimiyo, through SEO and otherwise, including through infringing use of Plaintiffs' photographic works in the www.plastic-surgery-hawaii.com, www.hawaiibiyouseikei.com, and www.hair-transplant-hawaii.com websites described above.

22.     Starting on or about August 31, 2011, Plaintiffs attempted to resolve with Defendant APS the continued use of the photographic work, O-01 Waikiki–Pink Boat ORIG., in violation of Plaintiffs' copyright, requesting that Defendant APS pay a fee to obtain a release for the infringing past use of the photographic works used on Defendant APS's websites and that Defendant APS cease and desist from using any of Plaintiffs' copyrighted works.

23.     On September 13, 2011, Plaintiffs' attorney was contacted by Defendant Pasquale, who rejected Plaintiffs' attempt to resolve the matter without litigation.  Follow-up was made through several emails, however Plaintiffs have been unable to resolve the matter with Defendants.

24. Plaintiffs are informed and believe, and on the basis of such belief allege that, based upon Defendants' level of knowledge and sophistication, they each knew or should have known that they were violating the copyrights of Plaintiffs in said photographic works by placing and using, or authorizing the placement and use of, the photographic works on said commercial websites without making any effort to seek licensing from the copyright owner.

25. Upon information and belief, Defendant APS does business in the State of Hawai'i through advertising on at least sixteen (16) websites that promote its professional medical services and are linked as part of its SEO internet marketing strategy. Defendant Aimiyo does business in Hawai'i, having created at least one of the websites for Defendant APS in which Plaintiffs' photographic work was used without license, as well as serving other Hawai'i clients. Defendant Pasquale exercises control over the direct infringers and derived a direct financial benefit from the direct infringements.

**FIRST CAUSE OF ACTION:
COPYRIGHT INFRINGEMENTS**

26. Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-25 as if fully stated herein.

27. Plaintiffs have held all rights, title and interest in the copyrights to the photographic works at issue during the entire period of Defendants' use, the use of which has not been licensed to any of the Defendants.

28. Defendants have misappropriated Plaintiffs' copyrighted photographic works and engaged in unauthorized use and copying of Plaintiffs' photographic works by using Plaintiffs' photographic works on the APS websites and by creating a derivative work for its own commercial purposes. Defendants' acts constitute copyright infringements under the United States Copyright Act, 17 U.S.C. §§ 101-et.seq.

29. Defendants may continue, unless restrained, to use Plaintiffs' copyrighted photographic works, causing irreparable damage to Plaintiffs for which Plaintiffs have no adequate remedy of law.

30. Defendants' unlawful use of copies of Plaintiffs' original photographic works has contributed to the diminution in the value of the original photographic works by diluting the market and destroying the distinctiveness of the photographic works and their identity as being the exclusive property of Plaintiffs.

31. Defendants' unlawful acts have contributed to the undermining of Plaintiffs' ability to market Plaintiffs' own original photographic works, thereby impairing the value and prejudicing the sale by Plaintiffs of their own photographic works.

32. Plaintiffs are entitled to a temporary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement.

33. Defendants, by their unauthorized appropriation and use of Plaintiffs' original photographic works, have been engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiffs' goodwill and the public acceptance of Plaintiffs' original photographic works.

34. Because Defendants used Plaintiffs' copyrighted photographic works without license, infringing the exclusive rights of Plaintiffs as the copyright owner, Plaintiffs are entitled to have the infringing publications and any improperly acquired likenesses or photographic works, however stored or recorded, impounded while this action is pending.

35. As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and continue to suffer lost profits and damages.

36. Plaintiffs are entitled to recover from Defendants the damages they have sustained as a result of these wrongful acts. Plaintiffs are currently unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendant's acts of copyright infringement.

37. Plaintiffs are further entitled to recover from Defendants any gains, profits, or advantages Defendants have obtained as a result of their wrongful acts. Plaintiffs are currently unable to ascertain the full extent of the gains, profits, and advantages Defendants have realized by their acts of copyright infringement.

38.     Plaintiffs are entitled to elect to recover from Defendants statutory damages for each of its past and/or continuing willful violations of Plaintiffs' copyrights.

39.     Plaintiffs are further entitled to costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION:
## DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATION

40.     Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-39 as if fully stated herein.

41.     Upon information and belief, Defendants have intentionally placed false copyright management information on Image No. O-01 Pink Boat ORIG. in creating the derivative work used at www.hair-transplant-hawaii.com. Additionally, upon information and belief, Defendants have removed copyright identification information from or associated with the photographic works used on Defendants' websites without the authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that the removal would induce, enable, facilitate, or conceal infringements of copyright.

42.     Defendants' acts constitute a violation under the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a) and (b).

43.     Plaintiffs are entitled to a temporary and permanent injunction

to prevent Defendants from engaging in further violations of 17 U.S.C. § 1202.

44.   Plaintiffs are entitled to recover from Defendants the actual damages suffered by Plaintiffs and any profits Defendants have obtained as a result of their wrongful acts that are not taken into account in computing the actual damages. Plaintiffs are presently unable to ascertain the full extent of the profits Defendants have realized by their violations of 17 U.S.C. § 1202.

45.   Plaintiffs are entitled to elect to recover from Defendants statutory damages for each of its past and/or continuing violations of 17 U.S.C. § 1202.

46.   Plaintiffs are further entitled to costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs HAWAIIAN ART NETWORK, LLC and VINCENT K. TYLOR pray:

A.   That this Honorable Court enter an injunction temporarily and permanently enjoining and restraining Defendants and Defendants' directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants from infringing Plaintiffs' copyrighted photographic works and from violating 17 U.S.C. § 1202;

B.   That this Honorable Court order any infringing photographs, prints, separations, publications, copies, products, materials, digital data in any form

and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

   C. That Defendants be required to pay such damages as Plaintiffs have sustained and any profits Defendant has gained in consequence of Defendant's unlawful acts or, in the alternative, to pay statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c);

   D. That Defendants be required to pay costs and reasonable attorneys' fees to Plaintiffs pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b);

   E. That Plaintiffs be granted such other and further relief as this Honorable Court may deem just and proper.

   DATED:  Honolulu, Hawai'i, June 7, 2012.

         */s/ J. Stephen Street*
         _____
         J. STEPHEN STREET, AAL
         Attorney for Plaintiffs
         HAWAIIAN ART NETWORK, LLC
         and VINCENT K. TYLOR